**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION**

DAVID WAYNE MANDIGO                          CIVIL ACTION 5:16-CV-1315

VS.                                          SECTION P

                                             JUDGE DONALD E. WALTER

VERDIS HAYS, ET AL                           MAGISTRATE JUDGE HAYES

<u>**REPORT AND RECOMMENDATION**</u>

Before the Court is the complaint of David Wayne Mandigo, filed on September 19, 2016. Plaintiff is proceeding pro se and in forma papueris. He is an inmate in the custody of the Louisiana Department of Corrections, presently incarcerated at the Morehouse Parish Detention Center in Collinston, Louisiana.  His claims, however, arise from his time at the Caddo Correctional Center and he names as defendants Verdis Hays and the Caddo Correctional Center.  This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

*Statement of the Case*

Plaintiff asserts that Cpl. Verdis Hays and the Caddo Correctional Center discriminated against him when he was not selected to be an inmate worker.  His correspondence with Cpl. Hayes via Offender's Relief Request Form, KITES (inquiries) and an Administrative Remedy Request, submitted in support of his claim, establish that he was not eligible for work due to his status of convicted sex offender.  [Rec. Doc. 2-2]  Relying on a page from the Inmate Handbook, Plaintiff argues that because he is not a violent offender, he has a right to a job and as such, instituted the instant suit.

*Law and Analysis*

**1.  Screening**

When a prisoner is allowed to litigate a civil rights complaint *in forma pauperis,* the district court should dismiss the case if at any time it determines that the complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B);  28 U.S.C. § 1915A (stating that when a prisoner seeks redress from a governmental entity or one of its employees, the court shall review the complaint as soon as practicable and dismiss it if the court finds the complaint frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief); 42 U.S.C.A. § 1997e(c) (providing that a district court shall on its own motion or the motion of any party dismiss a complaint by a prisoner regarding prison conditions if the court is satisfied the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from an immune defendant).

A claim is frivolous if it has no arguable basis in law or fact. *Nietzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir.1998) (quotation omitted). A claim has no arguable basis in fact if "after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir.1998).

While district courts are required to construe *in forma pauperis* complaints liberally, particularly in the context of dismissals under § 1915(e)(2)(B), they are, nonetheless,  given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge*

2

*No. 153*, 23 F.3d 94, 97 (5th Cir.1994). A complaint may not be dismissed under § 1915(d)(2)(B) "simply because the court finds the plaintiff's allegations unlikely." *Jolly v. Klein*, 923 F.Supp. 931, 942-43 (S.D.Tex.1996).  Nevertheless, a civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). See *Wesson v. Ogleby*, 910 F.2d 278, 281 (5th Cir.1990) ("An *IFP* complaint that recites bare legal conclusions, with no suggestion of supporting facts, or that postulates facts of an entirely fanciful nature, is a prime candidate for dismissal under [§ 1915(d)(2)(B) ]."). The district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

Accepting all of plaintiff's allegations as true, and, giving plaintiff the benefit of every doubt, the court concludes, for the reasons stated hereinafter, that he has failed to state a claim for relief, that his claims are frivolous as a matter of law, and, that his complaint should therefore be dismissed with prejudice.

## 2. **Right to Employment**

Plaintiff's complaint rests on his belief that he has a Constitutional rights to prison employment.  In order to state a Constitutional claim for either a substantive or procedural due process violation, the  plaintiff must demonstrate that he was "denied a cognizable liberty or property interest clearly established either by state law or the United States Constitution." *Wooley v. City of Baton Rouge,* 211 F.3d 913, 919 (5th Cir. 2000); *accord Sandin v. Conner,* 515 U.S. 472, 481–83 (1995) (a  prisoner has a liberty interest only in "freedom [s] from restraint ... impos[ing] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life");

*Bryan v. City of Madison,* 213 F.3d 267, 274 (5th Cir. 2000), cert. denied, 531 U.S. 1145 (2001) (property interest).  An inmate's expectation of obtaining or keeping a specific prison job, or any job, does not implicate a protected property interest.  *See Bulger v. U.S. Bureau of Prisons*, 64 F.3d 48, 50 (5th Cir. 1995).  Thus, Plaintiff does not have a protected interest in obtaining a job and, as such, this  allegation does not raise an independent claim under §1983.

Accordingly,

**IT IS RECOMMENDED** that plaintiff's civil rights action be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim on which relief may be granted pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i), (ii) and (iii).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association,* 79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, November 9, 2016.

_____

**KAREN L. HAYES**

**UNITED STATES MAGISTRATE JUDGE**